UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|     Plaintiff,      ) | |
| ) | 3:12-cr-00026-RLY-CMM-1 |
| vs.      ) | |
| ) | |
| ANTHONY R. ELLIOTT,      ) | |
|     Defendant.      ) | |

## REPORT AND RECOMMENDATION

On July 29, 2020, the Court held an initial hearing on the Petition for Warrant for Offender Under Supervision filed on July 1, 2020. Anthony R. Elliott ("Defendant") appeared in person with FCD counsel, Joe Cleary. The Government appeared by Lauren Wheatley, Assistant United States Attorney via telephone, U. S. Probation appeared by Officer Jennifer Considine.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

    1.    The Court advised Defendant of his rights and provided him with a copy of the petition. Defendant orally waived his right to a preliminary hearing.

    2.    After being placed under oath, Defendant admitted Violation No. 1. [Docket No. 54.]

    3.    The allegations to which Defendant admitted, as fully set forth in the petition, are:

        **Violation**
        **Number**    **Nature of Noncompliance**

        1.    "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."

            Sweat patches were administered for substance abuse testing between May 27, 2020 to June 3, 2020; June 10, 2020 to June 15, 2020; June 15, 2020,

to June 19, 2020; and June 19, 2020, to June 26, 2020. The offender tested positive for methamphetamine on the sweat patches applied on May 27, June 10, and June 15, 2020. Results are pending on the sweat patch applied on June 19, 2020.

The offender self-reported a heroin overdose on May 10, 2020.

As previously reported to the Court, the offender also tested positive for amphetamines on April 27, 2020. He admitted to using methamphetamine and Xanax. He also tested positive for amphetamines on February 21, 2020. He admitted to smoking a "cocktail" of heroin and methamphetamine.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **21 to 24** months imprisonment.

5. Parties jointly recommended that defendant be incarcerated for twenty-one (21) months imprisonment with no supervision to follow. Parties also asked for placement at Greenville, IL or Manchester, KY and for placement in RDAP program.

6. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

   (a) The Defendant violated the conditions in the petition;

   (b) That the agreement of the parties is an appropriate resolution of this matter and the agreement is commended to the favorable consideration of the District Judge;

   (c) That, consistent with the agreement, the Magistrate Judge recommends that the defendant's supervised release be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twenty-one (21) months imprisonment with no supervision to follow. The

2

Defendant will remain in custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties have waived the 14-day objection period.

Dated: July 29, 2020

CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system